IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHON SAMPLE,<br><br>    Petitioner,<br><br>v.<br><br>JIM HUTCHINS, Warden, and<br>and ATTORNEY GENERAL OF<br>THE STATE OF DELAWARE,<br><br>    Respondents. | Civ. No. 11-324-SLR |

Stephon Sample. Pro se petitioner.

Morgan T. Zurn, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

April 30, 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Stephon Sample's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2005, petitioner pled guilty to trafficking in cocaine. Although he was sentenced on that same day, the Superior Court re-sentenced petitioner on March 24, 2005 to twenty five years at Level V, suspended after ten years for one year at Level III supervision. See Sample v. State, 940 A.2d 946 (Table), 2007 WL 3071418, at *1 (Del. Oct. 22, 2007). Petitioner did not file a direct appeal.

On June 1, 2005, petitioner filed a motion for modification of sentence, which was denied on June 27, 2005. (D.I. 26, Del. Super. Ct. Crim. Dkt. Entry Nos. 34, 35) Petitioner did not appeal that decision.

On January 13, 2006, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging ineffective assistance of counsel. The Superior Court denied the Rule 61 motion. The Delaware Supreme Court affirmed that decision in October 2007 and denied petitioner's motion for rehearing en banc on December 5, 2007. See Sample, 2007 WL 3071418.

On September 24, 2007, during the pendency of his first Rule 61 appeal, petitioner filed a notice of appeal from the Superior Court's March 2, 2005 order denying his pre-trial suppression motion. The Delaware Supreme Court dismissed the

appeal as untimely. *Sample v. State*, 937 A.2d 140 (Table), 2007 WL 3121462 (Del. Oct. 26, 2007).

Petitioner filed a second Rule 61 motion on February 1, 2008, alleging ineffective assistance of counsel and constitutional violations regarding his plea bargain. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that judgment on September 20, 2010. *See Sample v. State*, 7 A.3d 485 (Table), 2010 WL 3636191 (Del. Sept. 20, 2010). Petitioner filed a motion for rehearing en banc, which was denied November 3, 2010. (D.I. 26, Del. Super. Crim. Dkt. Entry No. 171)

Petitioner's pending § 2254 application, dated March 12, 2011, asserts that defense counsel rendered ineffective assistance prior to the entry of his guilty plea and that the Delaware Superior Court lacked jurisdiction over his criminal case because of the timing of his preliminary hearing. (D.I. 1) The State filed an answer, asserting that the application should be denied in its entirety as time-barred and, alternatively, for failing to satisfy the standard in § 2254(d).[1] (D.I. 24)

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period

---

[1] The State also construes the application as raising a second claim that the Delaware Superior Court lacked jurisdiction over petitioner's criminal case because of the timing of his preliminary hearing, and contends that this claim should be dismissed for failing to assert an issue cognizable on habeas review. The court does not view the application as raising this "lack of jurisdiction" claim; in fact, petitioner's application clearly states that "all of [his] arguments stem from a claim of ineffective assistance of counsel, and therefore, all of [his] claims will be listed under one ground." (D.I. 1 at 12) Nevertheless, even if the application should be construed as alleging this issue, the claim is time-barred for the reasons set forth in this opinion.

of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated March 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced petitioner on March 3, 2005, but then resentenced him on March 24, 2005. Petitioner did not appeal that

4

decision.[2] In these circumstances, petitioner's conviction became final thirty days after his resentencing, namely, on April 25, 2005.[3] *See Cochran v. Phelps*, 600 F. Supp. 2d 603, 607 (D. Del. 2009)(in cases involving re-sentencings, a petitioner's judgment becomes final the date on which time for seeking direct review of the re-sentencing expires); Del. Supr. Ct. R. 6(a)(ii)(establishing a thirty day period for timely filing a notice of appeal).

Applying the one-year limitations period to that date, petitioner had until April 25, 2006 to timely file his application. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, filed the instant application on March 12, 2011,[4]

---

[2]On September 24, 2007, petitioner filed a notice of appeal from the Superior Court's order, dated March 2, 2005, denying his pretrial suppression motion. The Delaware Supreme Court dismissed that appeal as untimely. *See Sample*, 2007 WL 3121462. Even if the September 2007 appeal should somehow be viewed as an attempt to file a direct appeal, the fact that it was dismissed as untimely precludes the court from treating it as an out-of-time appeal triggering a later starting date under § 2244(d)(1)(A). *See cf. Jiminez v. Quaterman*, 555 U.S. 113, 121 (2009)("where a state court **grants** a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief," the date of finality for § 2244(d)(1)(A) purposes is the conclusion of the out-of-time appeal or expiration of time for seeking certiorari review of that appeal)(emphasis added).

[3]The thirty day appellate period actually ended on Saturday, April 23, 2005. Therefore, the period was extended through the end of the day on Monday, April 25, 2005. *See* Del. Sup. Ct. R. 11(a). The court notes that its determination of the starting date for the limitations period differs from the State's starting date of April 2, 2005, because the State has failed to include the Superior Court's re-sentencing of petitioner in its calculation.

[4]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del.

5

almost five full years after the expiration of the limitations period. Thus, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, the limitations period ran for thirty-six days until petitioner filed a motion for modification of sentence on June 1, 2005.[5] The Superior Court denied the

---

2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts March 12, 2011 as the date of filing because that is the date on petitioner's application.

[5]In the past, the court would have followed the analysis articulated by the Third Circuit in *Hartmann v. Carroll*, 492 F.3d 478 (3d Cir. 2007), requiring a determination as to whether petitioner's motion for modification of sentence was filed pursuant to Rule 35(a) or Rule 35(b); according to *Hartmann*, a Rule 35(a) motion alleging some illegality in sentencing or conviction triggers statutory tolling under § 2244(d)(2), whereas a Rule 35(b) motion seeking a modification of sentence purely on leniency grounds does not trigger statutory tolling. *Id.* at 482. However, the United States Supreme Court recently held that a post-conviction motion to reduce/modify sentence filed under Rhode Island law triggers statutory tolling under § 2244(d)(2) because the motion is not part of the direct review process and requires the state court to reexamine the appropriateness of the prisoner's sentence. *Wall v. Kohli*, __ U.S. __, 131 S.Ct. 1278, 1286-87 (2011). In reaching this decision, the Supreme Court defined the term "collateral review" as "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Id.* at 1285. The *Wall* Court also expressly rejected the type of

6

motion on June 27, 2005 and, although petitioner did not appeal that decision, the thirty day appeal period is included in the tolling analysis. Thus, the motion for modification of sentence tolled the limitations period from June 1, 2005 through July 27, 2005.

The limitations clock started again on July 28, 2005 and ran another 169 days until petitioner filed his first Rule 61 motion on January 13, 2006.[6] The Rule 61 motion tolled the limitations period through December 5, 2007, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61motion and denied petitioner's motion for rehearing en banc.

When the limitations clock started to run again on December 6, 2007, 205 days of the limitations period had already lapsed. The clock continued to run another fifty-seven days until petitioner filed his second Rule 61 motion on February 1, 2008. Petitioner's second Rule 61 motion tolled the limitations period through November 3, 2010, the date on which the Delaware Supreme Court denied petitioner's motion for rehearing en banc of its September 20, 2010 decision affirming the Superior Court's

---

bifurcated analysis articulated by the Third Circuit in *Hartmann* (and by other circuit courts) requiring a habeas court to separate motions to reduce/modify sentence into two categories: "those that challenge a sentence on legal grounds and those that merely ask for leniency." *Wall*, 131 S.Ct. at 1288.

Here, the court's knowledge regarding petitioner's motion for modification of sentence is limited to the barebones information stated on the Delaware Superior Court Criminal Docket, because the State has not discussed the existence of such motion. Additionally, the court notes that the Third Circuit has not had an opportunity to review Delaware's sentence modification/reduction of sentence procedure after *Wall*. Nevertheless, the court will assume that the motion triggers statutory tolling, because the application is untimely with or without any statutory tolling triggered by petitioner's motion for modification of sentence.

[6]Although the State alleges that the Rule 61 motion was filed on January 1, 2006, the Delaware Superior Court Criminal Docket lists January 13, 2006 as the filing date.

denial of his motion.[7] The limitations clock started to run on November 4, 2010, and ran the remaining 103 days without interruption until the limitations period expired on February 14, 2011. Therefore, even with statutory tolling, petitioner's filing on March 12, 2011 was too late. Accordingly, the application is time-barred unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

---

[7]The record reveals that petitioner filed a motion for rehearing en banc with respect to the Delaware Supreme Court's September 20, 2010 decision, which was denied on November 2, 2010. Although a properly filed motion for rehearing en banc would toll the limitations period under § 2244(d)(2), the State does not even mention the existence of the motion. Instead, the State's statutory tolling computation uses as its last tolling event the Delaware Supreme Court's September 20, 2010 decision. Here, however, the court will presume that the motion was properly filed for § 2244(d)(2) purposes and include the resulting tolling in its analysis, because the application is time-barred even with the tolling effectuated by the motion for rehearing en banc.

*Jones*, 195 F.3d at 159.

Petitioner asserts that the limitations period should be equitably tolled through December 5, 2007, the date on which his first Rule 61 motion was no longer pending before the Delaware state courts, because former Rule 61's three year deadline for seeking post-conviction review in the Delaware state courts conflicted with AEDPA's one year filing deadline and caused him a "great deal of confusion." (D.I. 34 at 3,4) The court is not persuaded, because petitioner's decision to delay his filing of the instant application was not beyond his control. Simply stated, the fact that AEDPA's limitations period was shorter than the time for filing a Rule 61 motion under former Rule 61 did not prevent petitioner from filing the instant application within AEDPA's one-year filing period, or from filing a Rule 61 motion during AEDPA's one-year limitations period.

In addition, petitioner asserts that the limitations should be tolled as of December 23, 2010, the date on which he was moved to another prison, because he was denied access to some of his legal materials after the transfer. This argument is unavailing. Petitioner does not contend that he was working on the habeas application before he was no longer able to access his legal materials, although there was adequate time to do so. Petitioner also does not explain why he could not have timely filed a basic habeas application and then clarify it once he had access to his materials. In these circumstances, the court cannot conclude that petitioner exercised the reasonable due diligence necessary to warrant equitable tolling. *See, e.g., Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2007)(even though the petitioner's deprivation of legal materials occurred at the very end of AEDPA's limitations period, the petitioner had not exercised

9

the due diligence needed for equitable tolling because he had the majority of the limitations period to work on the application).

And, finally, to the extent petitioner's untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. See Taylor v. Carroll, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[8]

## IV. MOTION FOR REPRESENTATION OF COUNSEL

During the pendency of this proceeding, petitioner filed a motion asking for representation by counsel. (D.I. 30) In the motion, petitioner alleges that he is unable to afford counsel; the issues in the case are complex; the State imposed hardship on petitioner; petitioner's assertions, if true, would establish a constitutional violation; and petitioner was denied his legal papers after he was transferred to a different correctional institution.

As set forth above, the court concludes that the application must be dismissed as time-barred. Accordingly, the court will deny as moot petitioner's motion seeking representation of counsel.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court

---

[8]The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reason for denying the application.

must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.